FILED
DEC 1 6 2011
Clerk, U.S. District & Bankruptcy
Courts for the District of Columbia

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| SYLVIA CAMPBELL ROLLE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 11 2237 |
| ) | |
| THE FEDERAL GOVERNMENT ) | |
| OF THE UNITED STATES OF AMERICA, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM OPINION

This matter comes before the court on review of plaintiff's application to proceed *in forma pauperis* and *pro se* civil complaint. The court will grant the application, and dismiss the complaint.

The Court has reviewed plaintiff's complaint, keeping in mind that complaints filed by *pro se* litigants are held to less stringent standards than those applied to formal pleadings drafted by lawyers. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972). Even *pro se* litigants, however, must comply with the Federal Rules of Civil Procedure. *Jarrell v. Tisch*, 656 F. Supp. 237, 239 (D.D.C. 1987). Rule 8(a) of the Federal Rules of Civil Procedure requires that a complaint contain a short and plain statement of the grounds upon which the court's jurisdiction depends, a short and plain statement of the claim showing that the pleader is entitled to relief, and a demand for judgment for the relief the pleader seeks. Fed. R. Civ. P. 8(a). The purpose of the minimum standard of Rule 8 is to give fair notice to the defendants of the claim being asserted, sufficient to prepare a responsive answer, to prepare an adequate defense and to determine whether the

doctrine of *res judicata* applies. *Brown v. Califano*, 75 F.R.D. 497, 498 (D.D.C. 1977).

Plaintiff claims to be "an agrieved [sic] victim of un-lawful wire tap tracking device," and she is "seek[ing] now desperate urgent relief to suppress and protest un-lawful wire tap tracking device." Compl. at 9 (page numbers designated by the Court). In addition, she wishes to recover "specific[] legal documents and record seized and . . . in the possession of the federal government." *Id.* Wholly absent from the pleading are any factual allegations, without which the defendant does not have fair notice of the claims asserted or the relief demanded. The complaint fails to comply with Rule 8(a) and it will be dismissed.

An Order consistent with this Memorandum Opinion is issued separately.

/s/ Robert L. Wilkins
United States District Judge

DATE: 12/13/2011